UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

THE STATE OF NEW YORK and THE CITY
OF NEW YORK,

Plaintiffs,

-v-

UNITED PARCEL SERVICE, INC.,

Defendant.

------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: December 11, 2015

15-cv-1136 (KBF)

ORDER

KATHERINE B. FORREST, District Judge:

The Court is in receipt of plaintiffs' November 17, 2015, letter motion to

compel UPS to produce additional documents (ECF No. 81), UPS's December 4,

2015 response (ECF No. 92), plaintiffs' December 7, 2015 letter reply (ECF No. 95),

UPS's December 9, 2015 response (ECF No. 103), and plaintiffs' supplemental

December 10, 2015 letter (ECF No. 106).  For the reasons set forth below, plaintiffs'

motion is GRANTED IN PART.

The recent issues regarding whether the AOD was/is honored throughout the

United States (i.e. whether UPS is exempt from the PACT Act) makes documents

from states other than New York relevant.  For instance, if UPS ignored the AOD

outside of New York, that would be relevant to evidence that the AOD was viewed

(even by UPS) as applicable only in New York.  With respect to pre-2010 documents,

the Court also agrees with plaintiffs regarding some potential relevance in terms of

knowledge, intent, etc.  This is not a question of whether specific damages could be

assessed for pre-2010, but whether evidence from that period informs how UPS acted in the post-2010 timeframe.

While the relevance of the nationwide and pre-2010 material outweighs the burden of production, the Court understands the significant burden that would be imposed if UPS were forced to produce this material as to all shippers right now. In light of the pending proposal for the phasing of shippers, the Court does not believe such a broad request is necessary at this time. Plaintiffs have proposed a list of eight shippers to be included in the first phase for a bifurcated liability trial (ECF No. 94), and although UPS has until December 18 to respond to that list, it has already indicated that it takes immediate issue with inclusion of two of plaintiffs' proposed shippers. While the Court has not yet made a determination as to which shippers should be included in the first phase or whether it will phase the liability stage and bifurcate damages, it is likely that the Court will do so.

Accordingly, UPS shall produce nationwide and "pre-2010" documents for the six shippers identified by plaintiffs in their December 4, 2015 letter (ECF No. 94) that UPS did not object to in its December 9, 2015 letter. (In other words, UPS should begin producing this material for the shippers listed except for Native Wholesale Supply and Elliot Enterprises.) The Court takes no view at this time as to whether Native Wholesale Supply or Elliot Enterprises should ultimately be included in the first phase. The Court notes that if it decides not to stage the liability phase and bifurcate damages, the nationwide and pre-2010 material as to

all shippers will become relevant.  It therefore makes sense for UPS to begin

producing documents as to the six shippers to which it does not object.

The Clerk of Court is directed to terminate the motion at ECF No. 81.

SO ORDERED.

Dated:        New York, New York
              December 11, 2015

_____
            KATHERINE B. FORREST
            United States District Judge