UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                           :

THE STATE OF NEW YORK and THE CITY OF   :
NEW YORK,
                           :

               Plaintiffs,    :

                           :       15-cv-1136 (KBF)

          -v-           :

                           :       <u>OPINION & ORDER</u>

UNITED PARCEL SERVICE, INC.,     :

               Defendant.   :

------------------------------------------------------------- X

KATHERINE B. FORREST, District Judge:

In this action, the State and City of New York (the "State" and "City," respectively) allege various federal and state law claims against defendant United Parcel Service, Inc. ("UPS") relating to UPS's alleged shipping of contraband cigarettes. (Third Am. Compl. ("TAC"), ECF No. 189.) Pending before the Court is UPS's motion for partial summary judgment seeking dismissal of the third through sixth claims alleged in plaintiffs' Third Amended Complaint ("TAC"), in which plaintiffs assert substantive and conspiracy violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 <u>et seq.</u> (ECF No. 259.) The parties have also filed four other motions for partial summary judgment (ECF Nos. 264, 267, 285, 299) that the Court will address separately.

The instant motion rests on several grounds, including that a common carrier may not be held liable under RICO by providing, as UPS asserts the record shows here, standard delivery services to shippers, albeit ones that are engaging in

unlawful activity.  In particular, as to the substantive RICO counts, UPS argues that plaintiffs have failed to raise triable issues of fact as to whether the "association-in-fact" enterprises alleged in the TAC existed and whether UPS operated or managed the affairs of any of the alleged enterprises.  As to the RICO conspiracy counts, UPS argues that plaintiffs have failed to raise a triable issue because the conspiracy claims are based on the same completed conduct as the substantive claims and plaintiffs have offered no evidence to indicate that UPS entered into an agreement to violate RICO.  Plaintiffs counter that summary judgment is unwarranted because, inter alia, UPS does not dispute its knowledge of the illegal cigarette shipments at issue, its intent to facilitate that unlawful conduct, or its actual commission of thousands of predicate acts.  Plaintiffs further argue that UPS's role in the scheme was not so tangential as to fall outside the purview of RICO.

Based on the record presented on this motion, the Court concludes that the State and City have failed to raise a genuine issue of material fact as to any of their RICO-related claims; accordingly, UPS is entitled to judgment as a matter of law. Plaintiffs' substantive RICO claims fail because they have not offered evidence to show that UPS conducted or participated in a RICO enterprise under governing precedent; their RICO conspiracy claims likewise fail because plaintiffs have not shown that UPS entered into an agreement with another to engage in conduct that establishes a substantive RICO violation.  Accordingly, for the reasons set forth

below, UPS's motion is GRANTED.  Plaintiffs' RICO claims are hereby dismissed with prejudice.

I.    BACKGROUND[1]

The State and City commenced this action on February 18, 2015, by filing a complaint against UPS alleging a variety of claims under federal and state law. (ECF No. 1.)  UPS is a package delivery company that delivers millions of packages each business day worldwide.  (UPS's 56.1 ¶¶ 1-2.)[2]  UPS's services—available to all of its customers—include, <u>inter alia</u>, scheduled pickup services for shippers, picking up packages from shippers, transporting and delivering packages to addresses provided by shippers, providing shipment tracking capabilities to shippers and consignees, providing certain "value-added services" such as specialized pickup and delivery options, and logistics support services and customized solutions.  (Pls.' 56.1 Cstmt. ¶¶ 3-4.)  For purposes of this motion, UPS does not contest that there are at least issues of fact as to whether it: (1) had knowledge of illegal cigarette trafficking, (2) profited (along with the shippers) from the illegal delivery of unstamped cigarettes, (3) delivered tens of thousands of cigarette packages for the shippers, and (4) intended to facilitate the shipment of illegal cigarettes.  (Pls.' 56.1 Cstmt. ¶¶

---

[1] The Court here recounts only that background which is relevant to resolution of UPS's pending motion for partial summary judgment on plaintiffs' RICO claims.  The Court assumes familiarity with the history of this litigation and therefore does not fully set forth that description or the general outlines of plaintiffs' allegations in this decision.

[2] The notation "UPS's 56.1" refers to UPS's statement of undisputed material facts, submitted under Local Rule 56.1.  (ECF No. 260.)  This decision relies only on those facts that plaintiffs did not dispute with citations to admissible evidence in their Rule 56.1 counterstatement (ECF No. 289-1) (referred to herein as "Pls.' 56.1 Cstmt.").  <u>See</u> Local Rule 56.1(d) ("Each statement by the movant or opponent pursuant to Rule 56.1(a) and (b), including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c).").

7, 11-13, 15-17.)  Throughout their opposition papers, plaintiffs frame UPS's unlawful conduct as having occurred in the past and they set forth no facts suggesting that UPS continues to ship contraband cigarettes on behalf of any shippers to this day.  (See Pls.' 56.1 Cstmt. ¶¶ 11-12.)

Plaintiffs filed the current-operative complaint, the TAC, on February 24, 2016.  (ECF No. 189.)  In claims three and four, the City and State respectively allege that UPS committed substantive RICO violations under 18 U.S.C. § 1962(c).  (TAC ¶¶ 116-129.)  In claims five and six, the City and State respectively allege that UPS conspired to violate RICO under 18 U.S.C. § 1962(d).  (TAC ¶¶ 130-147.)  As to each of these claims, the TAC identifies UPS as the sole defendant and liable RICO "person" within the meaning of 18 U.S.C. § 1961(3) (TAC ¶¶ 118, 125, 132, 141); it also alleges the existence of three alternative RICO "enterprises" within the meaning of 18 U.S.C. § 1961(4), as follows.

First, the TAC alleges that each cigarette dealer for whom UPS shipped unstamped cigarettes is itself a RICO enterprise.  (TAC ¶ 63.)  Second, the TAC alleges that an "association-in-fact" enterprise exists that consists of the "owners and/or employees of each cigarette dealer for which UPS delivered unstamped cigarettes."  (TAC ¶ 63(a).)  Third, the TAC alleges that an "association-in-fact" enterprise exists that consists of "each cigarette dealer for which UPS delivered unstamped cigarettes or its owners and/or employees, and UPS."  (TAC ¶ 63(b).) The alleged principal purpose of each enterprise was "for each person associated

with the enterprise to profit from the purchase, sale, shipment, transport, and/or distribution of contraband cigarettes to consumers." (TAC ¶ 66.)

The TAC alleges that each of these alternative enterprises engaged in a pattern of racketeering activity that consisted of thousands of related acts of contraband cigarette trafficking in violation of the Contraband Cigarette Trafficking Act ("CCTA"), 18 U.S.C. § 2341 et seq. (TAC ¶¶ 120-21, 127-28, 134-36, 143-45.)[3]  The TAC alleges that UPS participated in these predicate acts by knowingly shipping contraband cigarettes for smoke shops located on New York State Indian reservations to locations throughout the City and State.  (TAC ¶¶ 30-31, 65, 111, 114.)  It further alleges that UPS "participated in the leadership, management and operation" of each enterprise "by controlling the pick-up and delivery of unstamped cigarettes from each smoke shop and delivering those cigarettes nationwide."  (TAC ¶ 68.)

On June 24, 2016, UPS filed the pending motion for partial summary judgment, seeking dismissal of plaintiffs' RICO-related claims.  (ECF No. 259.)  Plaintiffs opposed the motion on July 22, 2016.  (ECF No. 289.)  UPS filed its reply on August 1, 2016.  (ECF No. 310.)

## II.   LEGAL STANDARDS

### A.   Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment

---

[3] The CCTA makes it "unlawful for any person knowingly to ship, transport, receive, possess, sell, distribute, or purchase contraband cigarettes . . . ."  18 U.S.C. § 2342(a).

as a matter of law." Fed. R. Civ. P. 56(a).  The moving party bears the initial

burden of demonstrating "the absence of a genuine issue of material fact." Celotex

Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the moving party has discharged

its burden, the opposing party must set out specific facts showing a genuine issue of

material fact for trial. Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009).  The

nonmoving party "may not rely on mere speculation or conjecture as to the true

nature of the facts to overcome a motion for summary judgment." Hicks v. Baines,

593 F.3d 159, 166 (2d Cir. 2010) (quoting Fletcher v. Atex, Inc., 68 F.3d 1451, 1456

(2d Cir. 1995)).  "The inferences to be drawn from the underlying affidavits,

exhibits, interrogatory answers, and depositions must be viewed in the light most

favorable to the party opposing the motion." Cronin v. Aetna Life Ins. Co., 46 F.3d

196, 202 (2d Cir. 1995) (citations omitted).  However, "[t]he mere existence of a

scintilla of evidence in support of the plaintiff's position will be insufficient; there

must be evidence on which the jury could reasonably find for the plaintiff." Jeffreys

v. City of New York, 426 F.3d 549, 554 (2d Cir. 2005) (quoting Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 252 (1986)) (internal quotation mark omitted).

    B.    RICO

"To establish a substantive RICO violation under § 1962(c), a plaintiff must

show that the defendant conducted, or participated [directly or indirectly] in the

conduct, of a RICO enterprise's affairs through a pattern of racketeering activity."

Crawford v. Franklin Credit Mgmt. Corp., 758 F.3d 473, 487 (2d Cir. 2014); see 18

U.S.C. § 1962(c).  The RICO statute defines "enterprise" as "any individual,

partnership, corporation, association, or other legal entity, and any union or group

of individuals associated in fact although not a legal entity."  18 U.S.C. § 1961(4).

There must be some distinctness between the RICO defendant and the RICO

enterprise.  <u>Cedric Kushner Promotions, Ltd. v. King</u>, 533 U.S. 158, 162 (2001).

"The existence of an enterprise at all times remains a separate element which must

be proved by the [plaintiff]."  <u>United States v. Turkette</u>, 452 U.S. 576, 583 (1981).

  C. <u>RICO Enterprise</u>

  As is clear from the above statutory definition, any legal entity may qualify

as a RICO enterprise, but with the caveat that the enterprise "must be separate

from the pattern of racketeering activity and distinct from the person conducting

the affairs of the enterprise."  <u>First Capital Asset Mgmt., Inc. v. Satinwood, Inc.</u>,

385 F.3d 159, 173 (2d Cir. 2004) (citations omitted); <u>see also</u> <u>Turkette</u>, 452 U.S. at

583.  There must also be a nexus "between the enterprise and the racketeering

activity that is being conducted."  <u>First Capital</u>, 385 F.3d at 174.

  The RICO statute also contemplates that an "enterprise" can exist outside of

a formal legal entity, and instead based on an association-in-fact.  An association-in-

fact enterprise is "'a group of persons associated together for a common purpose of

engaging in a course of conduct,' the existence of which is proven 'by evidence of an

ongoing organization, formal or informal, and by evidence that the various

associates function as a continuing unit.'"  <u>Id.</u> at 173 (quoting <u>Turkette</u>, 452 U.S. at

583).  "[A]n association-in-fact enterprise is simply a continuing unit that functions

with a common purpose [and] need not have a hierarchical structure or a chain of

command."  <u>United States v. Pierce</u>, 785 F.3d 832, 838 (2d Cir. 2015) (quotation

marks omitted).  Such an enterprise requires three structural features: (1) "a

purpose," (2) "relationships among those associated with the enterprise," and (3) "longevity sufficient to permit these associates to pursue the enterprise's purpose." D. Penguin Bros. v. City Nat. Bank, 587 F. App'x 663, 667 (2d Cir. 2014) (summary order) (citing Boyle v. United States, 556 U.S. 938, 946 (2009)).  To satisfy the first "purpose" feature, the individuals that comprise the enterprise "must share a common purpose to engage in a particular fraudulent course of conduct and work together to achieve such purposes."  First Capital, 385 F.3d at 174.  To satisfy the second feature, a plaintiff must demonstrate the relationships between the various members and their roles in the purported RICO scheme.  Freund v. Lerner, No. 09 CV 7117(HB), 2010 WL 3156037, at *8 (S.D.N.Y. Aug. 10, 2010); Automated Teller Mach. Advantage LC v. Moore, No. 08 Civ. 3340(RMB)(FM), 2009 WL 2431513, at *7 (S.D.N.Y. Aug. 6, 2009).

D.    The "Operation or Management" Test

In Reves v. Ernst & Young, 507 U.S. 170 (1993), the Supreme Court set forth the standard to determine whether a defendant's activity constitutes sufficient participation in a RICO enterprise to hold it liable for a substantive RICO violation. Interpreting the statutory phrase "to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs," the Court held that at a minimum the RICO statute requires that the defendant have "some part in directing the enterprise's affairs."  Id. at 179 (emphasis in original).  Applying that understanding, the Court further determined that a defendant cannot be held liable for a substantive RICO violation unless it "participated in the operation or management of the enterprise itself."  Id. at 183.  The Court instructed that it is not

8

enough for a defendant to conduct or participate in its own affairs—to be liable it must participate in the conduct of the <u>enterprise's</u> affairs.  <u>Id.</u> at 185.  Accordingly, "simply aiding and abetting a violation is not sufficient to trigger liability even though § 1962(c) punishes those who participate 'directly or indirectly' in the enterprise's affairs," although the standard requires less than "significant control over the enterprise."  <u>United States v. Viola</u>, 35 F.3d 37, 40-41 (2d Cir. 1994) (quotation marks omitted), <u>abrogated on other grounds by</u> <u>Salinas v. United States</u>, 522 U.S. 52 (1997); <u>see also</u> <u>Dep't of Econ. Dev. v. Arthur Andersen & Co. (U.S.A.)</u>, 924 F. Supp. 449, 466 (S.D.N.Y. 1996) ("[T]he test is not involvement but control.").  Performing tasks necessary or helpful to the enterprise does not itself meet the requirements of § 1962(c).  <u>Viola</u>, 35 F.3d at 41.  In <u>Reves</u> itself, the Supreme Court opined that an outsider paying a bribe to a RICO enterprise so that it engages in some requested activity could establish that the outsider had the requisite degree of control over the enterprise for liability to attach.  <u>Reves</u>, 507 U.S. at 184-85.

The test advanced in <u>Reves</u> is intended to make it difficult to hold an outside service provider—such as, for instance, an accountant or lawyer—liable under § 1962(c).  <u>Maersk, Inc. v. Neewra, Inc.</u>, 687 F. Supp. 2d 300, 335 (S.D.N.Y. 2009); <u>Arthur Andersen</u>, 924 F. Supp. at 465-67; <u>131 Main St. Assocs. v. Manko</u>, 897 F. Supp. 1507, 1527 (S.D.N.Y. 1995).  Subsequent to <u>Reves</u>, courts in this Circuit have made clear that providing ordinary but important business services to a RICO enterprise is not itself sufficient to meet the operation or management test.  <u>City of New York v. Smokes-Spirits.com, Inc.</u>, 541 F.3d 425, 449 (2d Cir. 2008), <u>rev'd on</u>

other grounds, Hemi Grp., LLC v. City of New York, 559 U.S. 1 (2010); Azrielli v. Cohen Law Offices, 21 F.3d 512, 521-22 (2d Cir. 1994); Arthur Andersen, 924 F. Supp. at 466 (collecting cases); see also Univ. of Maryland at Baltimore v. Peat, Marwick, Main & Co., 996 F.2d 1534, 1539 (3d Cir. 1993).  Likewise, "[a] defendant does not 'direct' an enterprise's affairs under § 1962(c) merely by engaging in wrongful conduct that assists the enterprise."  Redtail Leasing, Inc. v. Bellezza, No. 95 Civ. 5191 (JFK), 1997 WL 603496, at *5 (S.D.N.Y. Sept. 30, 1997).

    E.    RICO Conspiracy

    To establish a RICO conspiracy violation under § 1962(d), "a plaintiff must show that the defendant agreed with at least one other entity to commit a substantive RICO offense."  Crawford, 758 F.3d at 487; see 18 U.S.C. § 1962(d).  "A conspirator must intend to further an endeavor which, if completed, would satisfy all of the elements of a substantive criminal offense, but it suffices that he adopt the goal of furthering or facilitating the criminal endeavor."  Salinas, 522 U.S. at 65; see also Maersk, 687 F. Supp. 2d at 335-36 ("[A] RICO conspiracy claim under § 1962(d) requires proof of each element of a substantive RICO violation.").  A conspirator need not agree to facilitate all of the acts leading to the substantive offense.  Salinas, 522 U.S. at 65.  The Supreme Court has held that the RICO conspiracy statute may reach an actor "who does not himself commit or agree to commit the two or more predicate acts requisite to the underlying offense."  Id.  In Salinas, the Supreme Court held that there was sufficient evidence to support a conviction under § 1962(d) where another individual committed at least two acts of

racketeering activity and the defendant "knew about and agreed to facilitate the scheme." Id. at 66.

Courts in this Circuit have repeatedly held that "'[a]ny claim under § 1962(d) based on conspiracy to violate the other subsections of section 1962 necessarily must fail if the substantive claims are themselves deficient.'" Discon, Inc. v. NYNEX Corp., 93 F.3d 1055, 1064 (2d Cir. 1996), vacated on other grounds, 525 U.S. 128 (1998) (quoting Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1191 (3d Cir. 1993)); Palatkevich v. Choupak, No. 12 Civ. 1681 (CM), No. 12 Civ. 1682 (CM), 2016 WL 297680, at *11 (S.D.N.Y. Jan. 21, 2016); Sanchez v. ASA Coll., Inc., No. 14-CV-5006 (JMF), 2015 WL 3540836, at *12 (S.D.N.Y. June 5, 2015). In Discon, the Second Circuit held that because the plaintiff failed to state a substantive RICO claim, including due to a failure to adequately allege a RICO enterprise, the plaintiff's RICO conspiracy claims incorporating the substantive claims by reference also were subject to dismissal. Discon, 93 F.3d at 1064.

## III.   DISCUSSION

The pending motion seeks dismissal of plaintiffs' four RICO-related claims. UPS argues that it is entitled to judgment as a matter of law with respect to plaintiffs' substantive RICO claims because the State and City have failed to offer sufficient evidence to raise a triable issue that UPS participated in a RICO enterprise or that such an enterprise existed. UPS argues that plaintiffs' RICO conspiracy claims must also be dismissed because the conspiracy or conspiracies they seek to establish are directed to now-completed conduct and the substantive RICO claims to which they correspond are deficient; UPS also argues that plaintiffs

11

have not presented sufficient evidence to raise a triable issue of an agreement to violate RICO.  As explained below, the Court agrees that UPS is entitled to judgment as a matter of law on all of plaintiffs' RICO claims.

A.    Substantive RICO Claims

As discussed above, plaintiffs assert three alternative theories of a RICO enterprise.  Two of these theories posit the existence of an association-in-fact enterprise.  Under plaintiffs' first association-in-fact theory, the enterprise is comprised of each cigarette dealer for which UPS delivered unstamped cigarettes or those dealers' owners and/or employees; under the second theory, the enterprise is comprised of that same group of persons and UPS.  (TAC ¶¶ 63(a)-(b).)  Based on plaintiffs' identification of fifty-five shippers for whom UPS allegedly shipped contraband cigarettes (see Def.'s Reply Br. at 2 & n.2, ECF No. 310), these two theories actually comprise a total of 110 alleged association-in-fact enterprises.  Plaintiffs' final RICO enterprise theory posits that each of the fifty-five customers/shippers on whose behalf UPS shipped contraband cigarettes is a distinct RICO enterprise (TAC ¶ 63), bringing the total number of potential alleged enterprises to 165.  Plaintiffs seek to raise a triable issue on these three theories of numerous enterprises primarily based on their evidence of UPS's knowledge of illicit cigarette trafficking, intent to facilitate such trafficking, and actual commission of thousands of violations of the CCTA.  While such evidence may be sufficient to raise a triable issue as to certain elements of a RICO claim, including that two predicate acts have been committed, this evidence does not create a triable

issue as to the existence of a RICO enterprise or UPS's conducting or participation in one as that concept has been interpreted by governing precedent.

Before delving into the merits of UPS's primary arguments in favor of summary judgment, the Court makes two points at the outset.  First, plaintiffs make much of the fact that UPS chose not to move against the RICO claims at the pleading stage.  (See Pls.' Opp. Br. at 4-6, ECF No. 289.)  That is wholly irrelevant to whether plaintiffs have raised a triable issue as to the existence of a RICO enterprise on this motion.  UPS's strategic choice not to challenge the RICO claims until the close of discovery does not foreclose it from seeking dismissal of claims for which plaintiffs lack sufficient evidence to establish a necessary element as a matter of law.  Nor was it necessary, as plaintiffs appear to suggest, for UPS to challenge every element of the alleged RICO claims on this motion where it believed that one—the "enterprise" element—was dispositive.  The Court therefore reads nothing into the procedural posture of this motion except to agree that the sufficiency of plaintiffs' evidence to create a triable issue, rather than the plausibility of their allegations, is the relevant metric at this stage.[4]

Second, as UPS observes in its reply brief, plaintiffs identify/address only a handful of the fifty-five shippers—including Shipping Services Group ("Shipping

---

[4] To the extent that plaintiffs oppose UPS's motion on the ground that they have not had sufficient time to review the voluminous discovery provided by UPS at the close of the discovery period (see Pls.' Opp. Br. at 5), this argument is meritless because plaintiffs have not invoked the proper procedural mechanism to make this argument.  If plaintiffs believe that they need additional information or time to present facts essential to justify their opposition, they were required to submit an affidavit or declaration to that effect pursuant to Rule 56(d).  See Fed. R. Civ. P. 56(d); Gualandi v. Adams, 385 F.3d 236, 244 (2d Cir. 2004).  Plaintiffs may not defeat summary judgment based on speculation that they will identify additional relevant facts upon more thoroughly reviewing discovery that UPS has already provided to them.

Services"), the Arrowhawk Group, Elliot Enterprises, EExpress, Smokes & Spirits, Native Wholesale, and Morningstar Crafts & Gifts—when offering facts in opposition to the pending motion.  (See Pls.' 56.1 Cstmt. ¶¶ 7, 10, 11.)  In light of plaintiffs' failure to proffer any evidence as to any other shipper, UPS is entitled to judgment as a matter of law as to any purported RICO enterprise relating to those shippers on that basis alone.  See Schlenger v. Fid. Employer Servs. Co., LLC, 785 F. Supp. 2d 317, 346 (S.D.N.Y. 2011) (dismissing claim as abandoned where plaintiff failed to address it in opposition to summary judgment); Arias v. Nasdaq/Amex Mkt. Grp. d/b/a Am. Stock Exch., No. 00 Civ. 9827 (MBM), 2003 WL 354978, at *13 (S.D.N.Y. Feb. 18, 2003); see also WestRM-W. Risk Markets, Ltd. v. XL Reinsurance Am., Inc., No. 02 Civ. 7344 (MGC), 2006 WL 2034627, at *7, 11 (S.D.N.Y. July 19, 2006).  Plaintiffs cannot merely rely on particular exemplar shippers to support the existence of a RICO enterprise(s) as to numerous other unrelated shippers for whom UPS purportedly also shipped contraband cigarettes. Rather, plaintiffs were obligated to proffer evidence sufficient to raise a triable issue as to each shipper with respect to whom they sought to establish a RICO enterprise.

Of the shippers that plaintiffs did actually address in their opposition papers, they make their strongest showing in relation to Shipping Services, the only shipper as to which plaintiffs at least attempt to put forward some evidence in relation to each of the three requirements—common purpose, relationships between the individuals in the enterprise, and longevity—necessary to establish the existence of an association-in-fact enterprise.  Because plaintiffs have not presented evidence to

14

support a common purpose, the relationships among those associated with any of the shippers or the longevity of the enterprises relating to any of the other shippers, they have failed to raise a triable issue as to the existence of a RICO enterprise based on any of those shippers. <u>Boyle</u>, 556 U.S. at 946; <u>United States v. Applins</u>, 637 F.3d 59, 73 (2d Cir. 2011); <u>BWP Media USA Inc. v. Hollywood Fan Sites, LLC</u>, 69 F. Supp. 3d 342, 360 (S.D.N.Y. 2014). Accordingly, in addressing UPS's remaining arguments below, the Court need only consider the adequacy of plaintiffs' evidence in relation to Shipping Services. The Court's analysis below would, in any event, apply equally to all of the other shippers for which plaintiffs assert UPS shipped contraband cigarettes.

UPS primarily argues that it is entitled to judgment as a matter of law because there is no triable issue as to whether it participated in the operation or management of any of the three purported enterprises under the standards set forth in <u>Reves</u> and its progeny. UPS contends, rather, that the evidence in the record on this motion only supports the conclusion that it was an outside service provider that conducted its <u>own</u> affairs, and not those of the asserted RICO enterprises. As stated above, a plaintiff's burden to support a substantive RICO claim against an outside service provider under <u>Reves</u> is a difficult one at summary judgment. <u>E.g.</u>, <u>Maersk</u>, 687 F. Supp. 2d at 335. Plaintiffs raise two bases for denial in opposition. The first applies to all three enterprise theories and the second applies only to the second of plaintiffs' association-in-fact theories. Neither is persuasive.

Plaintiffs argue, in relation to all three enterprise theories, that they have proffered ample evidence to raise a triable issue as to whether UPS meets the requirements of the Reves operation or management test.  Specifically, plaintiffs assert that their evidence that UPS shipped thousands of packages of contraband cigarettes on behalf of various cigarette dealer customers alone is sufficient to preclude summary judgment (see Pls.' 56.1 Cstmt. ¶¶ 11-12), even without additional evidence of operation or management, where, as here, UPS was involved in the joint commission of predicate acts.  Plaintiffs assert that the predicate CCTA violations underlying their RICO claims could not have happened without UPS's participation and therefore, in plaintiffs' words, they have presented evidence "of the highest possible level of operation or management over the cigarette-dealer enterprises."  (Pls.' Opp. Br. at 19.)

Plaintiffs' evidence is plainly insufficient to raise a triable issue under Reves's operation or management test.  Even assuming that plaintiffs have proffered sufficient evidence to show that UPS committed numerous predicate violations of the CCTA, that does not mean that plaintiffs have raised a triable issue as to the entirely separate "enterprise" element.  As explained above, plaintiffs must offer some independent evidence that UPS operated or managed the alleged enterprises, as opposed to merely just operating its own affairs as a package delivery business.  Reves, 507 U.S. at 185.  None of the facts that plaintiffs identify in opposition to the pending motion show that UPS participated in the operation or management of a separate enterprise's violation of the law, as opposed to simply

aiding and abetting such a violation.  Plaintiffs' assertions that UPS shielded shippers from law enforcement by ignoring specific directives from federal investigators and that it consulted extensively with shippers to facilitate avoidance of legal and regulatory issues (Pls.' 56.1 Cstmt. ¶¶ 16, 17) do not meet the difficult burden of showing that UPS "participated in the operation or management of the enterprise itself." Reves, 507 U.S. at 183.  In short, plaintiffs have offered no evidence to support a reasonable inference that UPS offered anything other than ordinary business services (even if illegal under the circumstances) to its customers; plaintiffs were required to do so to raise a triable issue under Reves.  See, e.g., Smokes-Spirits.com, 541 F.3d at 499.[5]

Plaintiffs also advance a second argument specifically directed to their second association-in-fact enterprise theory, in which the enterprise is comprised of the cigarette dealers, their owners and/or employees, and UPS.  Plaintiffs contend that the Reves test is inapposite to this theory because the Reves line of cases do not address a scenario in which an outside service provider associated with others to form an illegal enterprise in what effectively amounts to a joint venture.  Although the Court agrees that Reves may not be applicable where a plaintiff presents evidence supporting this sort of "joint venture" theory, plaintiffs have failed to raise

---

[5] Plaintiffs attempt to support the sufficiency of their substantive RICO claims by relying on City of New York v. Gordon, 12-CV-4838 (VSB), 2015 WL 9646053 (S.D.N.Y. Dec. 10, 2015), in which the court granted the City an unopposed summary judgment motion on a RICO claim.  There, the Court found sufficient evidence that a carrier participated in a RICO enterprise based on evidence that the carrier entered into a service agreement and a mutual non-disclosure agreement with shippers of unstamped cigarettes, as well as communications that described the relationship between the carrier and shippers as a partnership. Id. at *7-8.  The Court finds Gordon inapposite to resolution of UPS's motion because the motion in Gordon was unopposed, that decision does not at all address Reves, and there was stronger evidence that the carrier managed the enterprise in Gordon than plaintiffs have presented here.

a triable issue of fact that a "joint venture" enterprise existed here.  Plaintiffs have

not submitted any evidence in opposition to this motion that UPS was a joint

member of a RICO "enterprise" with Shipping Services or any other shipper they

discuss in their opposition brief or Rule 56.1 Counterstatement.  The evidence in the

record on this motion points only to the inference that UPS provided routine

delivery services to cigarette shippers, which does not create a separate RICO

enterprise between UPS and each or any of these shippers, even if one accepts that

UPS was aware that numerous shipments contained contraband.  United States v.

Blankenship, 970 F.2d 283, 286 (7th Cir. 1992); see D. Penguin Bros., 587 F. App'x

at 668 ("'RICO is not violated every time two or more individuals commit one of the

predicate crimes listed in the statute.'" (quoting United Food & Commercial

Workers Unions & Employers Midwest Health Benefits Fund v. Walgreen Co., 719

F.3d 849, 851 (7th Cir. 2013)).  Again, plaintiffs have not raised a triable issue as to

whether UPS was acting on behalf of the purported enterprise instead of simply

conducting its own affairs.  D. Penguin Bros., 587 F. App'x at 668.

Accordingly, for the reasons set forth above, plaintiffs' substantive RICO

claims—claims three and four—are dismissed.

B.    RICO Conspiracy Claims

The TAC also alleges two claims for RICO conspiracy under § 1962(d) based

on an agreement between UPS and the other individuals/entities associated with

the RICO enterprises discussed above to violate the substantive RICO statute, §

1962(c).  (TAC ¶¶ 130-47.)  Plaintiffs contend that, even if their substantive RICO

claims are subject to dismissal for failure to raise a triable issue with respect to the

enterprise element, their RICO conspiracy claims pass muster at this stage because UPS knew about and agreed to facilitate the racketeering activity committed by other unspecified entities.[6]  As explained below, plaintiffs' RICO conspiracy claims are not viable at this stage in light of the Court's determination that the completed conduct set forth by plaintiffs is insufficient to support a substantive RICO violation under § 1962(c), and because plaintiffs have not raised a triable issue that UPS entered into an agreement with another to violate § 1962(c).

First, the Court has granted UPS judgment as a matter of law with respect to plaintiffs' § 1962(c) claims and, as courts have consistently held, "[a]ny claim under § 1962(d) based on conspiracy to violate the other subsections of section 1962 necessarily must fail if the substantive claims are themselves deficient."  E.g., Discon, 93 F.3d at 1064.  That principle makes sense where, as here, plaintiffs assert that the objects of the conspiracy have been completed and offer no facts concerning the continuation of any of the purported RICO enterprises.  All of the relevant facts in plaintiffs' Rule 56.1 Counterstatement are framed in the past tense; in relation to Shipping Services, plaintiffs' Rule 56.1 Counterstatement states

---

[6] Plaintiffs rely for this proposition on the Second Circuit's unpublished decision in City of New York v. Bello, 579 F. App'x 15 (2d Cir. 2014) (summary order), in which it vacated this Court's grant of summary judgment on the ground that there remained a genuine dispute as to whether the defendants that were the subject of the appeal could have known about and agreed to facilitate a scheme by other defendants to commit substantive RICO violations.  Id. at 18.  Bello is distinguishable because in that case this Court had reserved judgment with respect to whether other defendants at the center of the alleged scheme could have formed an adequate association-in-fact enterprise, id. at 17, whereas in this case UPS is the sole alleged RICO person and there is no other RICO enterprise before the Court as to which plaintiffs have or could raise a triable issue.  Plaintiffs' proffer that other entities as to whom they have not offered any facts in opposition to UPS's motion were capable of forming or did form a RICO enterprise does not provide a sufficient evidentiary basis to forestall the grant of summary judgment.  The Court notes, moreover, that Bello did not address Reves, nor does it solve plaintiffs' fatal flaw that the record does not support an inference of the existence of a RICO enterprise.

that UPS terminated its account in January 2014.  (Pls.' 56.1 Cstmt. ¶ 12(c)(iii).)

Any conspiracy entered into by UPS to commit a substantive RICO violation under

§ 1962(c) must therefore rest on the past conduct identified by plaintiffs.  As the

Court explained in its prior analysis, plaintiffs have offered insufficient evidence

based on that past conduct to establish the existence of a RICO enterprise or an

agreement to conduct or participate in a RICO enterprise under Reves.  In other

words, due to plaintiffs' failure to raise a triable issue as to the enterprise element,

plaintiffs have not presented sufficient evidence that UPS "intend[ed] to further an

endeavor which, if completed, would satisfy all of the elements of a substantive

criminal offense."  Salinas, 522 U.S. at 65.

Second, plaintiffs have simply not offered any evidence to show that UPS

entered into an agreement with another to violate § 1962(c).  Again, although

plaintiffs' evidence supports UPS's commission of predicate CCTA violations, that

alone does not raise a triable issue as to whether UPS agreed to violate RICO.  See

United States v. Pizzonia, 577 F.3d 455, 464 (2d Cir. 2009) ("[A] RICO conspiracy is

never simply an agreement to commit specified predicate acts that allegedly form a

pattern of racketeering.  Nor is it merely an agreement to join in a particular

enterprise.  Rather, it is an agreement to conduct or to participate in the conduct of

a charged enterprise's affairs through a pattern of racketeering." (emphasis in

original)).  Based on the record on this motion, plaintiffs have not provided any facts

showing with any particularity with whom UPS made any such agreement, when

such an agreement was made, or for which enterprise.  Plaintiffs' bald assertion

that UPS and its shipping customers knowingly committed numerous predicate acts cannot, by itself, support the existence of an agreement to support a RICO conspiracy claim.

IV.     CONCLUSION[7]

For the reasons set forth above, UPS's motion for partial summary judgment as to plaintiffs' RICO claims is GRANTED.  Plaintiffs' third, fourth, fifth and sixth claims are hereby DISMISSED.

The Clerk of Court is directed to close the motion at ECF No. 259.

SO ORDERED.

Dated:      New York, New York
            August 9, 2016

_____
            KATHERINE B. FORREST
            United States District Judge

---

[7] The Court has considered plaintiffs' other arguments, and concludes that they are without merit.