# Exhibit 14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE STATE OF NEW YORK and THE CITY OF NEW YORK,

                Plaintiffs,

         -v-

UNITED PARCEL SERVICE, INC.,

                Defendant.

15 Civ. 1136 (KBF)

ECF CASE

## DECLARATION OF CARMINE DELLA SERRA

Carmine Della Serra, under penalty of perjury, declares as follows:

    1.    I am employed by United Parcel Service, Inc. ("UPS") as an Account Executive, based in Plattsburg, New York. I have personal knowledge of the facts set forth below, and if called as a witness, I could and would testify under oath to the matters set forth in this declaration.

    2.    I have been employed by UPS since 2004, always based in Plattsburgh, New York. My first position was an operational position on the preload. I moved into customer support in 2006, as a Sales Support Representative. In that position I generally provided support to customers, but did not have responsibility for generating sales. My territory included areas around Plattsburgh, including the area of UPS's Potsdam, New York center. I spent about one day per week in the area of the Potsdam center. I had that position until approximately 2011, at which time I moved into my current position.

    3.    I understand that an individual named Robert Oliver, Sr. claims that I opened an account for Mohawk Spring Water in 2010 on the Mohawk/St. Regis reservation. I understand

1

2

that he states that "with regard to the packages that were to be shipped, [he] stated to [me], 'You know those boxes contain cigarettes.'" He claims that I "threw up [my] hands and said words to the effect of 'I don't want to hear that,' and proceeded to open the account."

4. I do not remember having a meeting with Robert Oliver, Sr., Jody Swamp or anyone at a company called Mohawk Spring Water (I might have met with them but I do not remember any such meeting). But if I did meet them and opened an account as a result, I am certain that no one told me that they planned to ship cigarettes. I was well aware in 2010 of UPS's restrictions on the shipment of cigarettes. If they told me that they intended to ship cigarettes, I would have needed to know more about the shipments and then consulted with others at the company before opening the account. I would remember now if I had been involved in a conversation like that with a shipper. And I absolutely would not have told a shipper (and did not tell a shipper) that I did not want to hear about what they wanted to ship.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: Plattsburgh, New York         _/s/ Carmine Della Serra_
       August 26, 2016                              Carmine Della Serra