# EXHIBIT 27

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE STATE OF NEW YORK and THE CITY
OF NEW YORK,

                    Plaintiffs,                    15 Civ. 1136 (KBF)

            -v-                                    **ECF CASE**

UNITED PARCEL SERVICE, INC.,
                    Defendant.

**DECLARATION OF JAMES TERRANOVA**

JAMES TERRANOVA, under penalty of perjury, declares as follows:

1.      I am employed by United Parcel Service, Inc. ("UPS") as a Preload Manager in

UPS's Syracuse, New York hub.  I have personal knowledge of the facts set forth below, and if

called as a witness, I could and would testify under oath to the matters set forth in this

declaration.

2.      I have been employed by UPS since 1988, primarily at the UPS Syracuse hub.  I

became a Security Supervisor in the UPS Security Department in November 2006, stationed at

the Syracuse hub.  I was in the Security Department until 2012.  As Security Supervisor, I was

assigned responsibility for several UPS centers in the Syracuse area.  In 2011, one of my

assigned centers was the UPS center in Potsdam, New York.

3.      From time-to-time throughout my employment with the UPS Security

Department, I and others in our group have received requests from law enforcement officers to

provide information or assistance in connection with law enforcement activities.  One of my first

contacts in law enforcement with the State of New York was Gary Moshier, who I met many

ny-1245032

years ago through my supervisor, Brion Salatino. My interaction with Gary Moshier primarily involved requests for delivery information from the State, and we often provided information in response to State requests.

4.      Sometime in 2010, I received a call from Alfonse Nitti of the New York State Police Special Investigations Unit.  Trooper Nitti told me that he had received my contact information from Gary Moshier.  I assisted Trooper Nitti on a number of matters.  For example, I received a request for information about a counterfeit merchandise case in April 2011. Trooper Nitti followed up with an e-mail to me and Tom McHugh on April 13, 2011.  A true and correct copy of Trooper Nitti's e-mail to me is attached as UPS Exhibit DX-071.

5.      Not long after I received the April 13, 2011 email from Trooper Nitti, I received a call from Steve Talbot, the dispatch supervisor at UPS Potsdam center.  Steve told me that he had information that there were shippers shipping cigarettes via UPS from the Indian reservation located near the Potsdam center (the Mohawk/St. Regis Reservation).  He asked me to determine whether these shipments were allowed through UPS.

6.      After receiving Steve Talbot's information about potential cigarette shipments at the Potsdam center, I called Trooper Nitti to ask whether these shipments should be stopped.  I wanted to get clarity from State law enforcement about the propriety of the shipments that Mr. Talbot told me about.

7.      When I called Trooper Nitti, I told him that I had received a call out of our Potsdam center informing me that there were shippers on the Mohawk/St. Regis reservation that might be shipping cigarettes in bulk.  Trooper Nitti told me in response that there was an "ongoing investigation" regarding cigarette shipments from the Mohawk/St. Regis reservation.  I assumed that this meant that the authorities did not want UPS to disrupt the investigation, so I

2

asked him if it should remain "business as usual" for now.  Trooper Nitti told me that it should

remain business as usual for the time being.  I told Trooper Nitti to let me know if he needed any

help from UPS.

8.      After my conversation with Trooper Nitti described above, I called Steve Talbot

in the Potsdam center and told him that I had spoken to my contact at State law enforcement, that

I was told there was an ongoing investigation by the authorities and that UPS should continue

"business as usual" with the shippers on the Mohawk/St. Regis reservation that were suspected

of cigarette shipping.

9.      I did not hear from Trooper Nitti again until June 15, 2011, when I received an e-

mail from him about shipments at the Potsdam center.  I do not remember the exact date of my

conversation with Trooper Nitti about the suspected cigarette shippers, but my best estimate is

that it was approximately two months before the June 15 e-mail.

10.      On June 22, 2011, Steve Talbot called me and advised me that two investigators

from the State had come to follow up about cigarette shipments from the Potsdam center.  Mr.

Talbot indicated that he would hold the packages that were already in UPS's possession (those

that had been picked up that day) until he was advised by the authorities what to do.  I advised

Mr. Talbot that UPS should not pick up any more packages from the affected shippers.

11.      On June 28, 2011, I sent formal termination letters to Mohawk Spring Water,

Action Racing Parts and Jacobs Manufacturing, by UPS Next Day Air.  True and correct copies

of these letters are attached as UPS Exhibits DX-098, DX-096, and DX-095.

12.      In July 2011, I received another e-mail, this time from Trooper Moshier, asking

for information about shipments to New York by a different shipper, Alhamrah Corporation,

located in Pennsylvania.  I provided the information Mr. Moshier requested, and he thanked me

3

for our cooperation.  I also wanted to make sure that the State did not suspect this company of

shipping cigarettes to unauthorized recipients in New York.  Accordingly, I asked Trooper

Moshier if he could provide more information about the intercepted shipment.  I noted that from

the shipper's website, it seemed that the shipper shipped tobacco products, but not cigarettes.  I

indicated that if "this shipper violated UPS policy by shipping cigarettes to unauthorized

recipients, UPS will take action against the shipper based on the circumstances of the violation."

I am attaching a copy of that email exchange as UPS Exhibit DX-127.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true

and correct.


Dated: Syracuse, New York                    _____*/s/ James Terranova*_____
       August 26, 2016                              James Terranova